# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | Crim. No. **PJM 04-0559-07** |
| **WILLIAM L. HANDY, JR.,** | * | |
| Petitioner | * | |

## MEMORANDUM OPINION

William L. Handy, Jr., *pro se*, has filed a Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c), in which he seeks a reduction pursuant to Amendment 782 to the U.S. Sentencing Guidelines. ECF No. 711. The Court finds Handy is ineligible for a reduction pursuant to the Amendment because his original sentence is already at the bottom of his new amended guideline range. Accordingly, the Court will **DENY** his Motion.

### I.

On January 30, 2007, a jury found Handy guilty of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (Count I); use of a communications facility in furtherance of a narcotics offense, in violation of 21 U.S.C. § 843(b) (Counts II, II, and IV); and possession with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 841 (Count V). ECF No. 416. On April 13, 2007, Handy appeared before Judge Williams for sentencing, who adopted the factual findings and advisory guideline applications in the Presentence Report ("PSR") and determined that Handy's

base offense level was 38 under U.S.S.G. § 2D1.1. Statement of Reasons ("SOR") at 1; PSR at ¶ 33. Handy's total combined offense level was determined to be 44,[1] with a criminal history category of II. SOR at 1; PSR at ¶¶ 41, 48. Accordingly, the guideline range for imprisonment was life. SOR at 1. Ultimately, Handy was granted a variance from the guideline based on a review of the 18 U.S.C. § 3553(a) factors and received a sentence of 360 months as to Counts I and V, and 48 months as to Counts II–IV, to run concurrently. Judgment at 2; SOR at 2-3.

On November 5, 2014, Handy, *pro se*, filed the present Motion, seeking a reduction in his sentence pursuant to Amendment 782. ECF No. 711. On April 28, 2017, the Government filed its opposition to the Motion. ECF No. 739. Handy has filed no reply.

## II.

Under 18 U.S.C. § 3582(c), "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" may file a motion asking the court to reduce his sentence. 18 U.S.C. § 3582(c)(2). The court may reduce the defendant's term of imprisonment "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

Amendment 782, effective November 1, 2014, reduced by two levels the base offense level in the Advisory Guidelines under § 2D1.1 for certain drug offenses. The Amendment, however, did not have the effect of reducing a defendant's sentence below the minimum of the amended guideline range, unless the defendant originally received a sentence below the

---

[1] An offense level greater than 43 is to be treated as an offense level of 43, pursuant to U.S.S.G. § 5A, Application Note 2.

guideline range applicable at the time of sentencing based on the defendant's substantial assistance to authorities. U.S.S.G. § 1B1.10(b)(2)(A) and (B).

Handy received a sentence of 360 months, which was below the applicable guideline range of life imprisonment in effect at the time of sentencing. As the Government notes, if Handy were to receive a reduction under Amendment 782, he would have a new total offense level of 41, resulting in an amended guideline range of 360 months to life. But Handy did not receive a downward departure from his Advisory Guidelines range based on substantial assistance to the authorities. Absent such departure, he is not eligible for a reduction to his sentence of 360 months under Amendment 782. *See* U.S.S.G. § 1B1.10(a), (b)(2).

### III.

For the foregoing reasons, Handy's Motion to Reduce Sentence under 18 U.S.C. § 3582(c), ECF No. 711, is **DENIED**.

A separate Order will **ISSUE**.

                                                                                 /s/
                                     **PETER J. MESSITTE**
                           **UNITED STATES DISTRICT JUDGE**

**June 26, 2017**